# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| EMILY NORRIS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Docket No. 2:16-cv-390-NT |
| CITY OF PORTLAND, | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT

Before me is the Defendant's partial motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 17). The motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This matter arises out of the employment termination of Plaintiff Emily Norris. Norris began working for Defendant City of Portland (the "**City**") in August of 2015 as a Financial Eligibility Specialist. In her first seven weeks of employment with the City, she took 11 hours of vacation time, 3.5 hours of paid sick time, and 22.5 hours of unpaid sick time, for a total of 37 hours of leave. On October 1, 2015, Norris told her supervisor that she was pregnant. He fired her on October 6, 2015. The City told Norris that it terminated her for excessive absenteeism. This suit followed.

In her four-count Complaint, Norris alleges that the City discriminated against her in violation of the Pregnancy Discrimination Act ("**PDA**"), 42 U.S.C. § 2000e(k), and the Maine Human Rights Act ("**MHRA**"), 5 M.R.S.A. § 4572-A, and retaliated

against her in violation of the MHRA, 5 M.R.S.A. § 4633. She also brings a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause. The City has moved for summary judgment on Norris's claims for discrimination under the PDA and MHRA, Counts One and Two, as well as her Equal Protection Claim, Count Four.[1] Def.'s Partial Mot. for Summ. J. 1. The City has not moved for summary judgment on Norris's retaliation claim contained in Count Three.[2]

## DISCUSSION

Norris has agreed to dismiss her Equal Protection claim, Pl.'s Opp'n to Def.'s Partial Mot. for Summ. J. 25 (ECF No. 24), which leaves her claims for discrimination under the PDA and the MHRA pending in this motion. These claims are analyzed coextensively. *Vachon v. R.M. Davis, Inc.*, No. 03-cv-234-PH, 2004 WL 1146630, at *9 (D. Me. Apr. 13, 2004).

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's . . .

---

[1] The Complaint refers to this as Count VII. Compl. ¶¶ 87-93 (ECF No. 1).

[2] The parties' submissions in this case are the type that give summary judgment a bad name. To begin, the City's reply statement of material fact contained over 30 objections and requests to strike the Plaintiff's responses to the City's initial statement of fact, in violation of this Court's Local Rule 56(h) Order. Local Rule 56(h) Pre-Filing Conf. Report and Order 2 (ECF No 13) ("[T]he Defendant's reply statement of material fact should address only the Plaintiff's additional facts."). This led the Plaintiff to file a motion for leave to file a surreply—which is **DENIED**—and led to an additional round of briefing. To make matters worse, the Defendant also requested to strike over 100 of the Plaintiff's 112 additional facts, and many of these requests to strike are based on Federal Rule of Civil Procedure 12(f). Rule 12(f) is limited to challenges to pleadings, not to submissions made in pursuit or in opposition to summary judgment. *Pilgrim v. Trs. of Tufts Coll.*, 118 F.3d 864, 868 (1st Cir. 1997), *abrogated on other grounds by Crowley v. L.L. Bean, Inc.*, 303 F.3d 387 (1st Cir. 2002). For her part, the Plaintiff violated Local Rule 7(e) by filing an opposition to the Defendant's motion that totaled 25 pages without first seeking leave to exceed the 20-page limit set by the local rules.

sex." 42 U.S.C. § 2000e-2(a)(1). The PDA, enacted in 1978, amended Title VII to provide that:

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work.

42 U.S.C. § 2000e(k). Accordingly, "Title VII's ban on gender discrimination encompasse[s] pregnancy-based discrimination." *Smith v. F.W. Morse & Co.*, 76 F.3d 413, 420 (1st Cir. 1996).

"The inquiry in a Title VII disparate treatment case is whether the defendant intentionally discriminated against the plaintiff on the basis of a protected attribute." *Cumpiano v. Banco Santander P.R.*, 902 F.2d 148, 153 (1st Cir. 1990). Where, as here, the plaintiff lacks direct evidence of intentional discrimination, the *McDonnell Douglas* burden-shifting framework applies. Under this framework, the plaintiff must first establish a prima facie case, which triggers an inference of discrimination. *Id*. The burden of production then shifts to the employer to articulate "some legitimate, nondiscriminatory reason that justifies the firing." *Id*. If the employer meets this burden, then the plaintiff must establish that "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

The City contends that it is entitled to summary judgment because Norris cannot make out a prima facie case of pregnancy discrimination. Def.'s Partial Mot.

3

for Summ. J. 5. According to the City, a prima facie case of pregnancy discrimination requires Norris to show "(1) that she was pregnant; (2) that she was capable of adequately performing her job; (3) that her employer took an adverse action against her; and (4) that her employer treated her differently than it treated other, non-pregnant employees who had a similar ability or inability to work." Def.'s Partial Mot. for Summ. J. 5 (quoting *Green v. New Balance Athletic Shoe, Inc.*, 182 F. Supp. 2d 128, 135 (D. Me. 2002)). The City zeros in on the fourth prong, arguing that Norris's claim fails because she cannot "show that the City treated her differently from similarly situated employees." Def.'s Partial Mot. for Summ. J. 5.

The City's argument is foreclosed by First Circuit precedent. Contrary to the City's argument, Norris is *not* required to show that she was treated differently than other similarly situated employees outside the protected class as part of establishing her prima facie case. *Conward v. Cambridge Sch. Comm.*, 171 F.3d 12, 19 (1st Cir. 1999). The First Circuit rejected this very argument in *Conward*, where it held that "the time to consider comparative evidence in a disparate treatment case is at the third step of the burden-shifting ritual, when the need arises to test the pretextuality *vel non* of the employer's articulated reason for having acted adversely to the plaintiff's interests." *Id.* More recently, in *Kosereis v. Rhode Island*, the First Circuit stated:

> Our holding in *Conward* makes sense and is attuned to the applicable law. We have described the prima facie case as a "small showing," that is "not onerous," and is "easily made." The pretext analysis, on the other hand, is more demanding. Thus, *Conward* presents the applicable rule: in disparate treatment cases, comparative evidence is to be treated as

4

part of the pretext analysis, and not as part of the plaintiff's prima facie case.

331 F.3d 207, 213 (1st Cir. 2003) (internal citations omitted); *see also Cham v. Station Operators, Inc.*, 685 F.3d 87, 94 n.4 (1st Cir. 2012).[3]

The prima facie case is a flexible standard, and the fourth prong varies depending on the circumstances of the plaintiff's case. *See Cham*, 685 F.3d at 93; *see also Bhatti v. Trustees of Boston Univ.*, 659 F.3d 64, 70 (1st Cir. 2011) (explaining that the fourth prong of a prima facie case of discrimination requires there "be some evidence of a causal connection between [the plaintiff's] membership in a protected class and the adverse employment action, e.g., in the case of a firing, that the position was filled by someone with similar qualifications"). In this case, Norris can establish a prima facie case of discrimination by showing that: (1) she was pregnant; (2) she adequately performed her job; (3) the City dismissed her from her position; and (4) the position was filled by someone with similar qualifications. *See Smith*, 76 F.3d at 421; *see also Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 54 (1st Cir. 2000); *Cumpiano*, 902 F.2d at 153. Although Norris could choose to provide

---

[3] As the Seventh Circuit noted in the context of discussing the First Circuit's approach to comparator evidence at the prima facie stage:

> This approach makes sense because the probative value of a proposed comparator depends largely on the specific non-discriminatory reason the employer has put forward. As one commentator argues: "It makes no sense . . . to require the plaintiff to choose comparison cases based on their relevance to the employer's not-yet-'articulated' justification. It would make far more sense for courts to consider the presence or absence of good comparative data as part of a review of the evidence as a whole . . . ."

*Coleman v. Donahoe*, 667 F.3d 835, 859 n.7 (7th Cir. 2012) (quoting Deborah C. Malamud, *The Last Minuet: Disparate Treatment after* Hicks, 93 Mich. L. Rev. 2229, 2293 (1995)).

5

comparative evidence to establish her prima facie case, she is not required to do so. *Kosereis*, 331 F.3d at 213 n.1.[4]

The City's motion for summary judgment on Norris's pregnancy discrimination claim focuses solely on whether Norris can show that she was treated differently than comparable, non-pregnant employees at step one of the *McDonnell Douglas* analysis. Def.'s Reply 5 (ECF No. 27). The City does not otherwise challenge Norris's ability to establish a prima facie case at this time.[5] Accordingly, because the City's entire argument is premised on the erroneous assumption that Norris is required to show as part of her prima facie case that she was treated differently than comparable, non-pregnant employees, its motion for summary judgment on Counts One and Two fails.[6]

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Defendant's motion for partial summary judgment on the Plaintiff's Equal Protection claim and **DENIES**

---

[4] The same is true at the third step of the analysis. Although a plaintiff may choose to establish pretext by showing that she was treated differently than other similarly situated employees, she is not required to do so. *See, e.g., Swanson v. Correct Care Sols., Inc.*, No. 1:15-cv-383-GZS, 2017 WL 3275986, at *5 n.6 (D. Me. Aug. 1, 2017) ("[C]omparator evidence is not a required component of every pretext showing."); *LaFlamme v. Rumford Hosp.*, No. 2:13-cv-460-JDL, 2015 WL 4139478, at *16 n.44 (D. Me. July 9, 2015) (same).

[5] Norris's supervisor and a part-time employee, Amanda Holivan, filled in for Norris until Holivan was hired as Norris's replacement on January 6, 2016. This is sufficient to satisfy the fourth prong of the prima facie case. *See, e.g., Rodriguez-Torres v. Caribbean Forms Mfr., Inc.*, 399 F.3d 52, 59 (1st Cir. 2005) ("[E]vidence that 'plaintiff's job functions were absorbed by several different employees of defendant' was sufficient to establish the fourth prima facie element." (quoting *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 760 (1st Cir. 1988))).

[6] The parties do not analyze whether the City violated the PDA's second clause. *See Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1353-55 (2015). Accordingly, I do not address this issue.

the remainder of the motion. The Plaintiff's motion for leave to file a surreply is also **DENIED**.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 22nd day of August, 2017.